Filed:  January 31, 2001

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 99-1403
(CA-98-3595-AMD)

Charles Bridges,

Plaintiff - Appellant,

versus

Robert M. Bell, etc., et al.,

Defendants - Appellees.

O R D E R

The court amends its opinion filed December 27, 2000, as follows:

On the cover sheet, section 2 -- the closing line of the caption is corrected to read "Defendants - Appellees."

For the Court - By Direction

/s/ Patricia S. Connor
Clerk

UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CHARLES BRIDGES,
Plaintiff-Appellant,

v.

ROBERT M. BELL, Chief Judge,
Court of Appeals of Maryland, in
his official capacity as Chief Judge;
ATTORNEY GRIEVANCE COMMISSION OF
MARYLAND; MELVIN HIRSHMAN, Bar
Counsel, Attorney Grievance
Commission of Maryland,
individually and in his official
capacity as Bar Counsel; DOLORES
O. RIDGELL, Assistant Bar Counsel,
Attorney Grievance Commission of

Maryland, individually and in her
official capacity as Assistant Bar
Counsel; MARC O. FIEDLER,
Investigator, Attorney Grievance
Commission of Maryland,
individually and in his official
capacity as Investigator; ROGER
GARFINK, Esquire, Chairman, Inquiry
Panel, Attorney Grievance
Commission of Maryland,
individually and in his official
capacity as Chairman, Inquiry
Panel,
Defendants-Appellees.

No. 99-1403

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Andre M. Davis, District Judge.
(CA-98-3595-AMD)

Argued: April 6, 2000

Decided: December 27, 2000

Before WIDENER and TRAXLER, Circuit Judges, and
James H. MICHAEL, Jr., Senior United States District Judge
for the Western District of Virginia, sitting by designation.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

## COUNSEL

**ARGUED:** Clothilda George Harvey, HARVEY & FITTS, L.L.C.,
Baltimore, Maryland, for Appellant. Julia Melville Andrew, Assistant
Attorney General, Baltimore, Maryland, for Appellees. **ON BRIEF:**
J. Joseph Curran, Jr., Attorney General of Maryland, Baltimore,
Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Plaintiff-appellant Charles Bridges is a member of the Maryland
Bar and was the subject of attorney disciplinary proceedings in the
Maryland state courts. After a complaint was filed with the Attorney
Grievance Commission of Maryland, an investigation was instituted
to determine whether Mr. Bridges violated state rules of professional
conduct by practicing law in Maryland prior to his admission to the
Maryland Bar, or by misrepresenting that he was authorized to do so.
On behalf of the Commission, Bar Counsel subsequently filed charges

2

against him. On February 26, 1998, the Court of Appeals of Maryland referred the charges to the Circuit Court for Baltimore City to make findings of fact and conclusions of law. This referral began the state court adjudication process.

On August 26, 1998, Mr. Bridges filed a complaint in the federal district court for the District of Maryland, essentially alleging that the defendant-appellees initiated and pursued the state disciplinary proceedings against him because of his race, in violation of federal law. See 42 U.S.C.A. §§ 1981, 1983 (West 1994 & Supp. 2000). He sought damages for humiliation, emotional distress, and defamation of character, among other things, and an injunction to enjoin the then-ongoing disciplinary proceedings against him. Invoking the abstention doctrine, the district court ruled that the appellant "may not obtain such relief," apparently due to the pendency of the state proceedings. (J.A. at 64.) The district court accordingly dismissed the case. After the district court denied his motion for reconsideration, Mr. Bridges filed a timely appeal to this court.

During the pendency of the instant appeal, and prior to the issuance of this disposition, the Court of Appeals of Maryland issued a final judgment in the state disciplinary proceedings against Mr. Bridges. See Attorney Grievance Comm'n of Maryland v. Bridges, 759 A.2d 233 (Md. 2000) (holding that Mr. Bridges violated two rules of professional conduct, and issuing a public reprimand). We hereby take judicial notice of that final judgment, cf. Savannah River Elec. Co. v. Federal Power Comm'n, 164 F.2d 408, 410 (4th Cir. 1947) (taking judicial notice of matters of public record), and hold that we lack jurisdiction over this appeal.

A federal court may adjudicate a claim only if "an actual controversy [is] extant at all stages of review, not merely at the time the complaint is filed." Arizonans for Official English v. Arizona, 520 U.S. 43, 67 (1997) (internal quotation marks and citations omitted). "Federal courts should determine whether a live case or controversy continues to exist at the outset since mootness goes to the heart of the Article III jurisdiction of the courts." Suarez Corp. Indus. v. McGraw, 125 F.3d 222, 228 (4th Cir. 1997). To the extent Mr. Bridges's complaint requested injunctive relief to enjoin the "ongoing" state disciplinary proceedings, his injunctive claims are moot because the state

3

proceedings no longer are "ongoing." Therefore, we do not review the dismissal of Mr. Bridges's claims for injunctive relief.

We also lack jurisdiction over his damages claims. The "Rooker-Feldman" doctrine stands for the proposition that lower federal courts lack subject matter jurisdiction "to review final judgments of a state court in judicial proceedings." District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983). Rooker-Feldman is implicated and deprives us of jurisdiction if Mr. Bridges's federal claims are "inextricably intertwined" with the final state court judgment, see Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25 (1987) (Marshall, J., concurring), such that granting him the federal relief sought would require us to determine that the state court judgment was "erroneously entered or [to] take action that would render the [state] judgment ineffectual." Jordahl v. Democratic Party of Virginia, 122 F.3d 192, 202 (4th Cir. 1997) (internal quotation marks and citation omitted).

Exercising jurisdiction over Mr. Bridges's federal damages claims would amount to reviewing the final judgment of the Court of Appeals of Maryland. Both in his complaint and in this appeal, Mr. Bridges alleges that the disciplinary proceedings were baseless and motivated by racial animus. To support these claims, Mr. Bridges raises a variety of arguments that the charges lacked evidentiary support and that the State of Maryland lacked jurisdiction to discipline him.

Mr. Bridges raised all of these arguments in the Maryland state court proceedings. See Bridges, 759 A.2d at 237-40 & n.5, 245-46. In finding that Mr. Bridges violated two Rules of Professional Conduct, the Court of Appeals of Maryland either rejected these arguments or found that there was insufficient factual basis or evidence to support them. See id. at 240-42 & n.5, 245-47. Therefore, granting Mr. Bridges the relief sought would require us and the district court to determine that the state court judgment was "erroneously entered or [to] take action that would render the [state] judgment ineffectual." Jordahl, 122 F.3d at 202 (internal quotation marks and citation omitted). His federal claims being "inextricably intertwined" with the final decision of the Court of Appeals of Maryland, neither we nor the district court have jurisdiction over this case. Mr. Bridges's only remedy

4

is to appeal the state judgment to the Supreme Court of the United States.

We conclude that Mr. Bridges's injunctive claims are moot, and that we and the district court lack subject matter jurisdiction over his damages claims. Mr. Bridges's motion to file a supplemental appendix is denied, the judgment of the district court is vacated, and the case is remanded with instructions that the district court dismiss the complaint for mootness and lack of subject matter jurisdiction.

<u>VACATED AND REMANDED WITH INSTRUCTIONS</u>

5